STATE, Respondent, v. CAMPBELL, Appellant.

(186 N. W. 952.)

(File No. 5077.   Opinion filed March 1, 1922.)

**Criminal Law—First Degree Rape—Degree of Prosecutrix's Resistance—Evidence Showing Resistance Till Overcome By Choking, Sufficiency.**

Defendant, convicted of crime of rape in first degree (i. e., accomplished on one over 18 years by means of force overcoming her resistance, Secs. 4095, 4092, Subd. 3, Code 1919.) and conceding on appeal that crime of adultery was committed, also that record shows rape in second degree (i. e., where resistance overcome by threats of great bodily harm accomplished by apparent power of execution, Secs. 4096, 4092, Subd. 4,) held, properly convicted on sufficient evidence; it showing prosecutrix resisted until overcome by appellant choking her with his arm.

Appeal from Circuit Court, Tripp County.   Hon. NEWTON D. BURCH, Judge.

The defendant, J. M. Campbell, was convicted of the crime of rape in the first degree, and he appeals.   Affirmed.

*W. J. Hooper,* and *J. R. Cash,* for Appellant.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Respondent.

GATES, P. J. Appellant was convicted of the crime of rape in the first degree; that is to say, rape accomplished upon prosecutrix, who was over the age of 18 years, by means of force overcoming her resistance. Rev. Code 1919, § 4095, section 4092, subd. 3.

The sole question presented by the appeal is whether the evidence is sufficient to show that prosecutrix made that degree of resistance which entitled the jury to bring in a verdict of first degree rape. The appellant offered no evidence. The appellant concedes that the crime of adultery was committed, and almost concedes that the record shows rape in the second degree; that is, where resistance is overcome by threats of great bodily harm, accompanied by apparent power of execution. Rev. Code 1919, § 4096, section 4092, subd. 4. But whether or not rape in the second degree be conceded, the evidence clearly and convincingly shows the commission of that crime, and we think that the evidence warranted the verdict that the jury did return.

We will not relate the salacious details, except to state that the evidence does show that prosecutrix resisted and struggled until resistance was overcome by appellant choking her with his right arm.

The judgment and order appealed from are affirmed.